IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT C., | ) |
|     Plaintiff, | ) No. 25 C 4797 |
| v. | ) Magistrate Judge M. David Weisman |
| FRANK BISIGNANO, Commissioner of Social Security, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Vincent C. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

On July 28, 2021, plaintiff applied for benefits, alleging a disability onset date of April 3, 2021. (R. 86.) His application was denied initially, on reconsideration, and after a hearing. (R. 86-96.) Plaintiff appealed to the Appeals Council, which denied review (R.1-4), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 28, 2021, the application date. (R. 88.) At step two, the ALJ found that plaintiff has the severe impairments of recurrent ventral hernia and degenerative joint disease of the hips. (R. 89.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform medium work with certain exceptions. (R. 89-95.) At step five, the ALJ found that jobs plaintiff can perform exist in significant numbers in the national economy and thus he is not disabled. (R. 95-96.)

Plaintiff contends that the Appeals Council erred when it refused to review the ALJ's decision on the following grounds:

> You submitted medical records from Loyola Medicine, dated August 19, 2024 (70 pages). The Administrative Law Judge decided your case through May 30, 2024.

2

> This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 30, 2024.

(R. at 2.)[1]

The regulations state that the Appeals Council will review a decision if, *inter alia*, it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The Seventh Circuit has said that:

> Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Perkins [v. Chater]*, 107 F.3d [1290,] 1296 [7th Cir. 1997)]. New evidence is "material" if there is a "reasonable probability" that the ALJ would have reached a different conclusion had the evidence been considered. *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999). Thus, new evidence is material only if it is relevant to the claimant's condition "during the relevant time period encompassed by the disability application under review." *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir.1990).

*Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). "[M]edical records 'postdating the hearing' . . . that 'speak only to [the applicant's] current condition, not to his condition at the time his application was under consideration by the Social Security Administration" do not meet the standard for new and material evidence. *Id.* (quoting *Kapusta*, 900 F.2d at 97). But if the new evidence "post-date[s] the ALJ's decision by a minimal amount of time and reflect[s] treatment for long-standing conditions," it meets the standard for Appeals Council review. *Marks v. Colvin*, 2014 WL 4182636, No. 13 C 2314, at *9 (N.D. Ill. Aug. 21, 2014).

The post-hearing evidence plaintiff submitted are records from an August 19, 2024 appointment with an orthopedic surgeon. (R. 17-77.) The evidence is "new" because it was created

---

[1] The Court has jurisdiction to review the Appeals Council's determination that the proffered evidence is not new and material. *See Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015).

3

after the ALJ's May 30, 2024 decision. But the Commissioner contends that it is not material because it does not speak to plaintiff's pre-decision condition. Rather, the Commissioner contends the evidence "demonstrates likely worsening of symptoms *after* the ALJ issued her decision." (ECF 19 at 4) (emphasis in original).

The Court disagrees. The record shows that plaintiff first complained to his doctors about leg and hip pain in 2021. (R. 495-99.) His complaints continued in 2022 (R. 481), and in 2023, he told the Consultative Medical Examiner that his chief complaint was his left hip. (R. 590.) Notes from his physical therapy evaluation in September 2023 state that plaintiff had: "[Lower left extremity], left hip - increased pain/symptoms, impaired posture, impaired range of motion, impaired muscle length/flexibility, impaired mobility, impaired joint play/mobility, impaired strength, impaired gait and impaired activity tolerance." (R. 609.) In January 2024, plaintiff went to the doctor for "medication refill and pain on left hip." (R. 626.) In February 2024, plaintiff's doctor said:

> Vincent is a 60-year-old gentleman presenting with advanced osteoarthritis of his left hip. We discussed he does demonstrate some notable degenerative changes in his hip. He is encouraged to work with physical therapy and was given an order with my protocol for her [sic] hip. He was also given a referral to have an ultrasound-guided injection to the left hip. We discussed that he may have to follow up with one of our joint replacement specialists if his symptoms are not improved with conservative management.

(R. 647.) The same month, plaintiff had a left hip steroid injection. (R. 677.) On August 19, 2024, plaintiff saw an orthopedic surgeon, who said that plaintiff "complain[ed] of left hip pain for 4 years," had "clinical and radiographic findings most consistent with bilateral advanced degenerative hip arthritis," and had "function limiting pain on a daily basis despite numerous nonoperative treat[ment] modalities." (R. 20-22.) In short, the record shows that the August 19,

4

2024 medical records, which were created only three months after the ALJ's decision, relate to plaintiff's long-standing and pre-decision complaints of left hip pain.

The next question is whether the post-hearing evidence is material, *i.e.*, "there is a 'reasonable possibility' that its consideration would have changed the ALJ's decision." *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999) (quoting *Sears v. Bowen*, 840 F.2d 394, 400 (7th Cir. 1988).) The ALJ said her decision was based on "physical exam findings, related radiographic imaging, a generally conservative treatment history . . . , and related evidence reflecting ongoing stability in his overall condition with primarily routine medical follow-up." (R. 93.) The fact that, within three months of that decision, an orthopedic surgeon recommended left hip replacement based on exam findings, imaging, and the failure of conservative treatment, strongly suggests that the new evidence is material. *See Marks*, 2014 WL 4182636, at *9 ("[N]ew information is more likely to be 'material' when it is dated relatively close in time to the ALJ's hearing and sheds light on long-standing medical conditions that were at the [c]ore of the ALJ's determination."); *Bush v. Astrue*, 571 F. Supp. 2d 866, 875 (N.D. Ill. 2008) (noting that medical evidence that "post-date[s] the ALJ's decision by three months or less . . . and document[s] impairments of which Plaintiff had been complaining for years" falls into the definition of "material"). Thus, the Court finds that the August 19, 2024 medical records were new and material, and the Appeals Council's contrary conclusion is erroneous. Therefore, this case must be remanded.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion [18], reverses the Commissioner's decision, and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings. This case is terminated.

**SO ORDERED.**                                   **ENTERED: February 13, 2026**


**M. David Weisman**
**United States Magistrate Judge**